21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
JAN 19 2012
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

No. 11-CR-20468

Hon. Arthur Tarnow

v.

D-10 HIREN PATEL,

Defendant.
_______________________________/

**RULE 11 PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Hiren Patel and the United States agree as follows:

**1. GUILTY PLEA**

**A. Count(s) of Conviction**

Defendant will enter a plea of guilty to Counts 1 and 15 of the Indictment, which charge conspiracy to commit health care fraud and conspiracy to distribute a controlled substance, respectively. The statutory maximum penalty for Count 1 is 10 years imprisonment, a fine that is the greater of $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), and a three-year term of supervised release; the statutory maximum penalty for Count 15 is ten years imprisonment, a fine of $500,000, and a three-year term of supervised release, with a minimum of two years of supervised release. Therefore, the combined statutory maximum penalty for the Counts of Conviction is twenty years imprisonment, a $750,000 fine or a fine of twice the

pecuniary gain or loss associated with Count 1 plus $500,000, and a six-year term of supervised release, with a minimum of two years of supervised release

**B. Elements of Offenses**

The elements of Count 1 are:

First: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment; and;

Second: That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

As set forth in the Indictment, the defendant is charged with conspiring to violate the health care fraud statute, Title 18, United States Code, Section 1347, which makes it a Federal offense for anyone, in connection with the delivery of any health care benefits, items, or services, to knowingly and willfully execute, or attempt to execute, a scheme or artifice: (1) to defraud any health care benefit program; or (2) to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program.

The elements of Count 15 are:

First: That two or more persons conspired, or agreed, to distribute controlled substances; and

Second: That the defendant knowingly and voluntarily joined the conspiracy.

**C. Factual Basis for Guilty Plea(s)**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

Beginning in approximately May 2009 and continuing through approximately March 2011, the defendant, Hiren Patel, willfully conspired with others to commit health care fraud, in violation of 18 U.S.C. § 1349, and to distribute controlled substances, namely the Schedule III

controlled substance Hydrocodone, the Schedule IV controlled substance Alprazolam, and the Schedule V controlled substance Promethazine-Codeine Cough Syrup, in violation of 21 U.S.C. § 846.

In approximately February of 2009, defendant Hiren Patel began working as a pharmacist for co-defendant Babubhai Patel, who owned and controlled multiple pharmacies throughout the Detroit area (collectively "The Patel Pharmacies"). Babubhai Patel assigned Hiren Patel to work at Rapid Drugs Pharmacy, one of the Patel Pharmacies located in Southfield, Michigan. Hiren Patel remained at Rapid Drugs Pharmacy as the principal pharmacist until that time.

Babubhai Patel's model for turning a profit at his pharmacies was based upon large-scale health care fraud and the diversion of controlled substances. Babubhai Patel paid cash kickbacks and other forms of illegal remuneration to physicians in exchange for those physicians writing prescriptions for expensive medications, without regard to medical necessity, that could be billed to Medicare, Medicaid, or a private insurer through one of the Patel Pharmacies. Physicians affiliated with Babubhai Patel would also write prescriptions for controlled substances for their patients, again regardless of medical necessity, which would then be filled at one of the Patel Pharmacies. These controlled substances were distributed to patients and patient recruiters as a kickback in exchange for the patients using a Patel Pharmacy.

Pharmacists within the Patel Pharmacies, including Hiren Patel, would facilitate the fraud and controlled substance distribution schemes in at least three significant ways. First, the pharmacists would bill Medicare, Medicaid, and private insurers for expensive, non-controlled medications which they had in inventory but never actually dispensed to the patients. The surplus of medications generated through this practice would be returned to wholesalers, sold on the black market, or reported "stolen," thereby enabling the Patel organization to maximize its

profit on its inventory of medications which were billed for but never dispensed. Second, pharmacists would also bill insurers for dispensing medications that they knew were prescribed outside the course of legitimate medical practice, thus defrauding insurers by billing for medications regardless of medical necessity. Finally, the pharmacists would provide controlled drugs to patients and patient recruiters, knowing that those medications were prescribed outside the course of legitimate medical practice. The pharmacists in the Patel organization were well aware of the principal purpose for which the controlled drugs were distributed – namely, to ensure a steady stream of patients and patient recruiters who would patronize the Patel Pharmacies and the physicians affiliated with them.

During his tenure in the Patel Organization, Hiren Patel routinely engaged in the illegal practices described above. Specifically, Hiren Patel billed the Medicare and Medicaid programs for medications he never dispensed to patients. Hiren Patel also billed insurers for medications he knew were medically unnecessary. Finally, Hiren Patel distributed controlled substances, including the Schedule III drug Hydrocodone, the Schedule IV drug Alprazolam, and the Schedule V drug Promethazine-Codeine Cough Syrup to patients knowing that the drugs were not prescribed in the course of legitimate medical practice.

During his tenure as a pharmacist in the Patel organization, Hiren Patel caused approximately $1,200,000 in false and fraudulent claims to be submitted to the Medicare program, approximately $500,000 in false and fraudulent claims to be submitted to the Medicaid program, and approximately $300,000 to Blue Cross/Blue Shield of Michigan. Hiren Patel also caused the illegal distribution of approximately 160,000 dosage units of Hydrocodone, 55,000 dosage units of Alprazolam, and 30,000 dosage units of Promethazine-Codeine Cough syrup.

The preceding statement is a summary, made for the purpose of providing the Court with

a factual basis for defendant's guilty plea to the charges against him. It does not include all of the facts known to him concerning criminal activity in which he and others engaged. Defendant makes this statement knowingly and voluntarily and because he is in fact guilty of the crimes charged.

## 2. SENTENCING GUIDELINES

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is 57-71 months imprisonment, as set forth on the attached worksheets. If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 57-71 months imprisonment, the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

## 3. SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

### A. Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

### B. Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 6 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C. Special Assessment(s)

Defendant will pay a special assessment of $200 and must provide the government with a receipt for the payment before sentence is imposed.

**D. Fine**

The Court may impose a fine on Count 1 in any amount up to $250,000, or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d). As to Count 15, the Court may impose a fine in any amount up to $500,000.

**E. Restitution**

The Court shall order restitution to every identifiable victim of defendant's offense(s). The victims and the full amounts of restitution in this case are as follows:

U.S. Department of Health and Human Services: $1,700,000.

Blue Cross/Blue Shield of Michigan: $300,000

**F. Immigration Consequences**

Defendant acknowledges that he is not a citizen of the United States, and that his guilty plea in this case may affect or even foreclose his eligibility to remain in this country following the imposition of sentence herein. Defendant has discussed these matters with his attorney in this case, but he expressly agrees that his decision to plead guilty is in no way conditioned upon or affected by the advice he has been given regarding any potential immigration consequences of his convictions. Defendant further agrees that because his decision to plead guilty in this case is wholly independent of the immigration consequences of a conviction, defendant agrees that he will not seek to challenge his guilty plea in any later proceeding via collateral attack on any basis relating to the immigration consequences of his plea.

**G. Forfeiture**

As part of this agreement, pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Sections 981(a)(1)(C) and 982; and Title 28, United States Code, Section 2461, defendant agrees to forfeit his interest in the following:

(a) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of violations of Title 21, United States Code, Sections 841 and 846 and Title 18, United States Code, Sections 1347 and 1349; and/or

(b) any property, real or personal, involved in the commission of violations of Title 21, United States Code, Sections 841 and 846 and Title 18, United States Code, Sections 1347 and 1349; and/or

(c) Such property may include, but is not limited to, a money judgment, and all traceable interest and proceeds for which the defendant may be jointly and severally liable. Such sum in aggregate is property representing the proceeds of the aforementioned offenses, or is traceable to such property, and/or is involved in violations of Title 21, United States Code, Sections 841 and 846 and Title 18, United States Code, Sections 1347 and 1349.

In entering into this agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

**4. USE OF WITHDRAWN GUILTY PLEA**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

**5. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

**6. WAIVER OF RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

**7. CONSEQUENCES OF VACATION OF CONVICTION/WITHDRAWAL OF PLEA**

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against

defendant within six months after the date the order vacating defendant's conviction or allowing his to withdraw her guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**8. PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**9. SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any

time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

BARBARA L. MCQUADE
*United States Attorney*

JOHN K. NEAL
*Assistant United States Attorney*
*United States Attorney's Office*
*Eastern District of Michigan*

WAYNE F. PRATT
*Chief, Health Care Fraud Unit*
*United States Attorney's Office*
*Eastern District of Michigan*

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with her lawyer, and has had all of his questions answered by his lawyer.

RAYMOND CASSAR, ESQ.
*Attorney for Defendant*

HIREN PATEL
*Defendant*

Date: 1/19/2012

| | | | |
|---|---|---|---|
| Defendant: | Hiren Patel | Counts: | 1, 15 |
| Docket No.: | 11-20468 | Statute(s): | 18 U.S.C. § 1349; 21 U.S.C. § 846 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. Base Offense Level and Specific Offense Characteristics (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 6 |
| 2B1.1(b)(1) | Intended Loss Greater Than $1,000,000 | 16 |
| | | |
| | | |

## 2. Adjustments (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(b)(9)(C) | Sophisticated Means | 2 |
| 3B1.3 | Use of Special Skill | 2 |
| | | |
| | | |

## 3. Adjusted Offense Level

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B. **26**

************************

*If this is the only Worksheet A, check this box and skip Worksheet B.* [ ]

*If the defendant has no criminal history, check this box and skip Worksheet C.* [X]

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. Base Offense Level and Specific Offense Characteristics (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2D1.1 | More than100 but less than 400 KG of Marihuana Equivalents | 26 |
| | | |
| | | |
| | | |

## 2. Adjustments (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.3 | Use of Special Skill | 2 |
| 2D1.1(b)(16) | Safety Valve | -2 |
| | | |
| | | |

## 3. Adjusted Offense Level

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B. **[ 26 ]**

*************************

*If this is the only Worksheet A, check this box and skip Worksheet B.* [ ]

*If the defendant has no criminal history, check this box and skip Worksheet C.* [X]

| | | | |
|---|---|---|---|
| Defendant: | Hiren Patel | Counts: | 1, 15 |
| Docket No.: | 11-20468 | Statute(s): | 18 U.S.C. § 1349; 21 U.S.C. § 846 |

# WORKSHEET B (Multiple Counts)

**Instructions** **(U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)
- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)
- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):
  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

| | | Offense Level | Units |
|---|---|---|---|
| 1. | GROUP ONE: COUNT(S) 1<br>ADJUSTED OFFENSE LEVEL | 26 | 1 unit |
| 2. | GROUP TWO: COUNT(S) 15<br>ADJUSTED OFFENSE LEVEL | 26 | 1 unit |
| 3. | GROUP THREE: COUNT(S) ____<br>ADJUSTED OFFENSE LEVEL | | unit |
| 4. | GROUP FOUR: COUNT(S) ____<br>ADJUSTED OFFENSE LEVEL | | unit |
| 5. | TOTAL UNITS | | units |

6. **INCREASE IN OFFENSE LEVEL**

| | |
|---|---|
| 1 unit → no increase | 2 1/2 - 3 units → add 3 levels |
| 1 1/2 units → add 1 level | 3 1/2 - 5 units → add 4 levels |
| 2 units → add 2 levels | > 5 levels → add 5 levels |

Increase: 2

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**: 28

| | | | |
|---|---|---|---|
| Defendant: | Hiren Patel | Counts: | 1, 15 |
| Docket No.: | 11-20468 | Statute(s): | 18 U.S.C. § 1349; 21 U.S.C. § 846 |

## 8. COMBINED ADJUSTED OFFENSE LEVEL

28

Enter the sum of the offense levels entered in Items 6 and 7.

## WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

### 1. PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months (U.S.S.G. §§ 4A1.1(a)):** **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days (U.S.S.G. §§ 4A1.1(b)):** **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences (U.S.S.G. §§ 4A1.1(c)):** **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

** A release date is required in only three situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her

| | | | |
|---|---|---|---|
| Defendant: | Hiren Patel | Counts: | 1, 15 |
| Docket No.: | 11-20468 | Statute(s): | 18 U.S.C. § 1349; 21 U.S.C. § 846 |

confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

| | | | |
|---|---|---|---|
| Defendant: | Hiren Patel | Counts: | 1, 15 |
| Docket No.: | 11-20468 | Statute(s): | 18 U.S.C. § 1349; 21 U.S.C. § 846 |

**(WORKSHEET C, p. 2)**

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

## 3. COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However, enter only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

## 4. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(f))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

## 5. TOTAL CRIMINAL HISTORY POINTS

Enter the sum of the criminal history points entered in Items 1-4.

0

## 6. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| **0-1** | **I** |
| **2-3** | **II** |
| **4-6** | **III** |
| **7-9** | **IV** |
| **10-12** | **V** |
| **≥13** | **VI** |

I

| | | | |
|---|---|---|---|
| Defendant: | Hiren Patel | Counts: | 1, 15 |
| Docket No.: | 11-20468 | Statute(s): | 18 U.S.C. § 1349; 21 U.S.C. § 846 |

# WORKSHEET D (Guideline Range)

## 1. (Combined) Adjusted Offense Level

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

28

## 2. Adjustment for Acceptance of Responsibility (U.S.S.G § 3E1.1)

-3

## 3. Total Offense Level

Enter the difference between Items 1 and 2.

25

## 4. Criminal History Category

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

I

## 5. Career Offender/Criminal Livelihood/Armed Career Criminal/Dangerous Sex Offender (U.S.S.G. ch. 4, pt. B)

a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

## 6. Guideline Range from Sentencing Table (U.S.S.G. ch. 5, pt. A)

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

57-71 months

## 7. Statutory Restrictions on or Supersession of Guideline Range

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

---

| | | | |
|---|---|---|---|
| Defendant: | Hiren Patel | Counts: | 1, 15 |
| Docket No.: | 11-20468 | Statute(s): | 18 U.S.C. § 1349; 21 U.S.C. § 846 |

# WORKSHEET E (Authorized Guideline Sentences)

## 1. PROBATION (U.S.S.G. ch. 5, pt. B)

a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

[X] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

b. Length of Term of Probation (U.S.S.G. § 5B1.2)

[ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ] 2. No more than 3 years (total offense level < 6).

c. Conditions of Probation (U.S.S.G. § 5B1.3)

The court must impose certain conditions of probation and may impose other conditions of probation.

## 2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))

[X] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

## 3. IMPRISONMENT (U.S.S.G. ch. 5, pt. C)

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Hiren Patel | Counts: | 1, 15 |
|---|---|---|---|
| Docket No.: | 11-20468 | Statute(s): | 18 U.S.C. § 1349; 21 U.S.C. § 846 |

**(WORKSHEET E, p. 2)**

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a. Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

[ ] 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[X] 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

[ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

[ ] 4. The statute of conviction requires a minimum term of supervised release of ____ months.

c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

[ ] 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

[X] 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is **$2,000,000.**

[ ] 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $__. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

[ ] 4. The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $__. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[ ] 5. Restitution is not applicable.

| | | | |
|---|---|---|---|
| Defendant: | Hiren Patel | Counts: | 1, 15 |
| Docket No.: | 11-20468 | Statute(s): | 18 U.S.C. § 1349; 21 U.S.C. § 846 |



## 6. FINE (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| **$10,000** | **$500,000** |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

$100.00 for every count charging a felony ($400 for a corporation)
$ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$ 5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $__.

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

[X] Assets of the defendant will be forfeited.  [ ] Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.